**Dorothy BLUE, Plaintiff–Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant–Appellee.**

No. 02–6262.

United States Court of Appeals, Sixth Circuit.

May 5, 2003.

Before MOORE and ROGERS, Circuit Judges; and HOOD, District Judge.*

*ORDER*

Dorothy Blue, proceeding pro se, appeals a district court judgment dismissing her employment discrimination action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 29, 2001, Blue filed a complaint against Federal Express Corporation ("FedEx"), her former employer. Blue alleged that she began her employment with FedEx on March 26, 1990. In January 1994, Blue was promoted and became a manager at the small package sorting system operation. As a manager, one of Blue's duties involved the completion of calendars for each of the hourly employees on her shift. The calendars contain attendance and personal information regarding each employee and are very important to FedEx for many reasons. On several occasions, Blue was disciplined for failure to keep her employee calendars updated and complete. Blue alleged, however, that the discipline she received was discriminatory because of her medical condition, which she described as "Major Depression." Blue continued to work for FedEx

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

until her employment was terminated on April 27, 2001. Blue sought equitable and monetary relief.

FedEx filed a motion for summary judgment, to which Blue responded. The district court granted FedEx's motion and dismissed the case. Blue has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

The ADA protects a "qualified individual with a disability" from employment discrimination based upon his or her disability. 42 U.S.C. § 12112(a). "In order to establish a prima facie case of discrimination under the ADA, [a plaintiff] must show 1) that he is disabled; 2) that he is otherwise qualified [to perform his job], with or without reasonable accommodation; 3) that he suffered an adverse employment decision; 4) that [his employer] knew or had reason to know of his disability; and 5) that he was replaced or that his position remained open while [his employer] looked for other applicants." *Plant v. Morton Int'l, Inc.,* 212 F.3d 929, 936 (6th Cir.2000); *see also Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 882–83 (6th Cir. 1996).

An individual is considered "disabled" within the meaning of the ADA if 1) he "has a physical or mental impairment that substantially limits one or more of the major life activities of such individual," 2) he "has a record of such impairment," or 3) he is regarded by his employer as having such an impairment. *Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 810 (6th Cir.1999); *see also* 42 U.S.C.

§ 12102(2)(A)-(C). In order to be substantially limited in performing a major life activity, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

The burden-shifting framework utilized in other employment discrimination cases, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), also applies in employment discrimination cases based on disability. *Plant,* 212 F.3d at 936; *Kocsis,* 97 F.3d at 882. Thus, once the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action taken against the plaintiff. *Plant,* 212 F.3d at 936; *Kocsis,* 97 F.3d at 883. If the employer meets this burden, then the burden shifts back to the plaintiff to prove that the employer's stated reason was a pretext for discrimination. *Plant,* 212 F.3d at 936; *Kocsis,* 97 F.3d at 883. Although the burden of production shifts, the burden of persuasion remains at all times with the plaintiff. *Plant,* 212 F.3d at 936; *Kocsis,* 97 F.3d at 883.

Upon review, we conclude that the district court properly granted summary judgment in favor of FedEx. Blue did not present a prima facie case of disability discrimination because she failed to show that she is disabled within the meaning of the ADA. Although Blue has an impairment in the form of depression, she failed to show that her depression substantially limits a major life activity. "Merely having an impairment does not make one dis-

abled for purposes of the ADA." *Toyota Motor Mfg.*, 534 U.S. at 195.

Furthermore, "even assuming that working is a major life activity, a claimant would be required to show an inability to work in a 'broad range of jobs,' rather than a specific job." *Id.* at 200 (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)). Blue failed to present any evidence that she is unable to perform in a broad range of jobs let alone the specific job that she held at FedEx. Indeed, Blue testified in her deposition that she is, in fact, able to work.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.